UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JEFFREY YOUNG,

                          Plaintiff,                    **Hon. Hugh B. Scott**

                                                        04CV320

               v.                                       (CONSENT)

                                                        **Order**

GEORGE POFF, et al.,

                          Defendants.

Defendants jointly filed a motion for summary judgment (Docket No. 20) and this Court

issued a Report & Recommendation (Docket No. 33, Feb. 9, 2006, "R&R") recommending

granting that motion in part and denying it in part.  Plaintiff executed Objections to this R&R on

February 21, 2006, and those Objections were filed on March 1, 2006 (Docket No. 34).  On

March 6, 2006, the parties consented to proceed before the undersigned as Magistrate Judge

(Docket No. 35).

As a result, plaintiff's objections were deemed to be motion for reconsideration of the

decision recommended in the R&R, <u>see</u> Fed. R. Civ. P. 52(b), 59(e), 60(b) (Docket No. 36).  The

Court issued a briefing schedule wherein responses were to be filed on or before April 7, 2006,

and any reply was due on or before April 28, 2006, and the motion then will be deemed

submitted on April 28, 2006, without oral argument.

<u>**BACKGROUND**</u>

Familiarity with this Court's Report & Recommendations (Docket No. 33) is presumed.

Briefly, plaintiff alleges in this civil right action that defendants sexually and physically assaulted

him, applied excessive force against him in violation of his Eighth Amendment rights and

defendant sergeant George Poff failed to intervene to protect plaintiff.  Plaintiff also alleges that

defendant nurse Roger Hagmier violated plaintiff's Eighth Amendment rights by acting with

deliberate indifference toward plaintiff and violated plaintiff's right to patient/nurse

confidentiality in revealing plaintiff's condition to corrections officers.  All of this stemmed from

a pat frisk administered by defendant corrections officer Steve Kaczmarek with defendant officer

James Diebel on March 28, 2004.

On February 9, 2006, the Court issued the R&R, which recommended granting in part

defendants' joint motion for summary judgment, dismissing plaintiff's claims against defendant

Poff and plaintiff's entire deliberate indifference claim, but denying that motion in part, denying

dismissal of plaintiff's excessive force claim and unlawful release of plaintiff's confidential

medical information (Docket No. 33).  Defendants were denied qualified immunity at this time

(id. at 12, 13).  Regardless of the outcome of this motion to reconsider, some claims will remain

for trial, namely plaintiff's excessive force claim against defendants Steve Kaczmarek and James

Diebel, and his unlawful disclosure of confidential medical information claim against defendant

Roger Hagmier but only for his disclosure to defendant Poff (id. at 8, 10).

On March 1, 2006, plaintiff filed timely Objections to the R&R (Docket No. 34),

executed by plaintiff on February 21, 2006.  He objects to the R&R regarding the allegations of

sexual assault and the destruction of a requested videotape and the failure to sanction defendants

for not producing or preserving it (id.).  Plaintiff objects to this Court's conclusion that a single

incident of a sexual assault is not sufficient to state a claim for sexual harassment under the

Eighth Amendment (id. at 2, objecting to Docket No. 33, R&R at 6, 8).  Defendants filed a

2

response in opposition to this objection[1] (Docket No. 38), but plaintiff did not submit a reply. Thus, the only issue raised in this motion is whether plaintiff's sexual assault claim should be revived and the impact of the destruction of a videotape should have on this case.

Meanwhile, on March 6, 2006, the parties consented to proceed before the undersigned as Magistrate Judge (Docket No. 35).

## DISCUSSION

I.      Reconsideration Standards

Ordinarily, objections to a Magistrate Judge's Report & Recommendations would be considered by a District Judge. See Fed. R. Civ. P. 72(b); W.D.N.Y. Loc. Civ. R. 72.3(a)(3); 28 U.S.C. § 636(b)(1).  With the parties consenting to proceed before the Magistrate Judge who rendered the Report & Recommendations at issue here, cf. W.D.N.Y. Loc. Civ. R. 72.3(a)(1) (if parties consent there is no review of interlocutory orders to the District Court), the Court deemed the objections to that R&R by the pro se plaintiff to be a motion for reconsideration under Fed. R. Civ. P. 52(b), 59(e), or 60(b) (see Docket No. 36).  The Federal Rules do not expressly provide for reconsideration, see Sierra Club v. Tri-State Generation & Transmission Ass'n, 173 F.R.D. 275 (D. Colo. 1997), but the rules previously cited provide bases for the Court to reexamine its decision.

Under Rule 52(b), on a party's motion (filed no later than ten days after entry of judgment), the Court "may amend its findings--or make additional findings--and may amend the judgment accordingly."  Alternatively, under Rule 59(e), a motion to alter or amend a judgment

---

[1]Defendants did not file their own objection or raise in their opposition the issue of qualified immunity.

"shall be filed no later than 10 days after entry of the judgment."  Here, there has been no entry of

judgment, since plaintiff is challenging a R&R rather than a Decision & Order and subsequent

Judgment entered pursuant to it.  Had there been an entry of judgment at the same time as entry

of the R&R, plaintiff's Objections would have been timely, since both deadlines under the rules

and those for objections required ten days after entry or receipt (see Docket No. 33, R&R at 14),

see also Fed. R. Civ. P. 6(a) (if time period is less than 11 days, exclude intermediate weekend

days and holidays).  Rule 59(e) includes motions for reconsideration, treating them as motions to

alter or amend the judgment, 11 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal

Practice and Procedure § 2810.1, at 122 (Civil 2d ed. 1995).

        Rule 60(b) also provides a mechanism for the Court to correct mistakes in its

proceedings.  "On motion and upon such terms as are just, the court may relieve a party . . . from

a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence,

surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not

have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . .,

misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the

judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based

has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have

prospective application; or (6) any other reason justifying relief from the operation of the

judgment."  A Rule 60 motion generally has to be made within a "reasonable time," id. R. 60(b),

with reasons (1), (2), or (3), having a one-year period from entry of the order or proceeding in

which a motion could be filed, id.  Again, there is no final judgment entered, but this Rule is the

closest basis for the Court to reconsider the R&R and, given consent jurisdiction now applicable

4

here, entry of so much of the R&R that survives this reconsideration as a Decision & Order.  The power of the Court to modify an interlocutory order (such as an R&R or an Order derived from it that renders partial summary judgment) is not limited by Rule 60(b) but are within the Court's inherent authority to render justice, see 11 Federal Practice and Procedure, supra, § 2852, at 233-34 & n.8 (citing Rule 60(b) Advisory Comm. Note to the 1948 amendments).

Note, plaintiff is limited to the objections he raised.  As a motion to reconsider under Rules 52 or 59, plaintiff's time to add new items for reconsideration has run.  Absent an allegation of mistake, newly discovered evidence, or fraud or like accusations, plaintiff's time under Rule 60(b) also may have run, if the Court deems a later motion to be unreasonably untimely.  Even if this motion to reconsider is still considered an objection to a Report & Recommendations (and as noticed to plaintiff at the end of the R&R itself, Docket No. 33, at 14-15), the Court on de novo review "will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance."  (Id. citing Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Elec. Co., 840 F.2d 985 (1st Cir. 1988).)  Under this Court's Local Civil Rule 72.3(a)(3), the written objections to the R&R need to "specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection . . . ."  (Id. at 15).  Therefore, those portions of the R&R not objected to by plaintiff (or by defendants) are deemed conceded by the parties and are **so ordered**.

II.     Plaintiff's Objections

A.      One Incident of Sexual Assault as an Eighth Amendment Violation

The Report & Recommendations at the point plaintiff objects (Docket No. 33, at 6, 8)

discusses the sufficiency of a single incident in stating an Eighth Amendment sexual harassment

or abuse claim.  Plaintiff contends that Boddie v. Snyder, 105 F.3d 857 (2d Cir. 1997), held that

no penological purpose was served by sexually assaulting an inmate and thus could be an Eighth

Amendment violation (Docket No. 34, Objections at 2).  The Second Circuit did hold in Boddie

that "sexual abuse of an inmate may reach constitutional dimensions and give rise to an Eighth

Amendment claim under Section 1983," id. at 859, see id. at 860-61, but concluded that the

plaintiff there failed to assert a constitutional claim, id. at 859, 861.  The Second Circuit

recognized, for the objective component of the Eighth Amendment standard, "severe or repetitive

sexual abuse of an inmate by a prison officer can be 'objectively, sufficiently serious' enough to

constitute an Eighth Amendment violation," id. at 861, later noting that "like the rape of an

inmate by another inmate, sexual abuse of a prisoner by a corrections officer has no legitimate

penological purpose, and is 'simply not part of the penalty that criminal offenders pay for their

offenses against society.'" Id. (quoting Farmer v. Brennan, 511 U.S. 825, 834 (1994)).  As here,

the plaintiff in Boddie failed to assert this claim because he alleged "a small number of incidents

in which he allegedly was verbally harassed, touched, and pressed against without his consent.

No single incident was severe enough to be 'objectively, sufficiently serious,'" id.  While noting

that "the isolated episodes of harassment and touching alleged by Boddie are despicable and, if

true, may potentially be the basis of state tort actions," id., the Second Circuit concluded that

"they do not involve a harm of federal constitutional proportions as defined by the Supreme

6

Court," id. at 861-62 (citing Farmer, supra, 511 U.S. at 833-34; Rhodes v. Chapman, 452 U.S. 337, 348-49 & 348 n.13 (1981) (noting that "not every deviation from an 'aspiration toward an ideal environment for long-term confinement' amounts to a constitutional violation")).

In this case, plaintiff alleges a single incident of sexual assault, being groped by one of the two corrections officers during a single pat frisk (see Docket No. 1, Compl. ¶¶ 11, 14). Defendants contend that the contact and force used was de minimus and constituted a single incident of alleged sexual misconduct (Docket No. 26, Defs. Memo. of Law at 5-6; Docket No. 38, Defs. Response Memo. of Law at 2). While a sufficiently serious single incident of sexual harassment may rise to a constitutional level, the allegation here does not rise to the federal constitutional proportions to state an Eighth Amendment violation. Therefore, plaintiff's objection and motion on this ground is **denied** and that portion of the Report & Recommendations is now **so ordered**.

B.      Defendants' Alleged Destruction of Evidence

Plaintiff complains that the Court disregarded defendants' destruction of a videotape and now requests that defendants be sanctioned for not preserving this piece of evidence (Docket No. 34, Objections at 2-3). Apparently, this is in response to the R&R noting that the use of force depended upon this now non-existent tape, and plaintiff's failure to move to compel its production or seek sanctions for defendants not preserving it (Docket No. 33, R&R at 7).

Defendants contend that they had no control over the videotape in question, only the non-party Department of Correctional Services did, noting that the tape was erased during routine recycling of videotapes (Docket No. 38, Defs. Response Memo. at 3). They conclude that they

should not be penalized for actions by non-parties (id.).  They also contend that such a motion is improper in a motion for reconsideration (id. at 4).

The initial Scheduling Order in this action had motions to compel due by May 6, 2005, with discovery to be completed by June 6, 2005 (Docket No. 6).  As noted in the R&R (Docket No. 33, at 7), plaintiff has not moved to compel.  Given these defendants' response that they never had custody of the tape at issue and that the tapes are generally recycled (see Docket No. 38, Defs. Response Memo. at 3), they cannot be required to produce an item that was not in their control, custody or possession, see 8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2210, at 403-04 (Civil 2d 1994).  On this basis, plaintiff's attempt at a motion to compel here is **denied**.  Alternatively, since the discovery deadline has long passed, the pro se plaintiff waived a motion to compel or for the sanction of evidence preclusion.

Therefore, the Report & Recommendations (Docket No. 33) is adopted as a Decision & Order and the recommendations are hereby **so ordered**.  As a result, defendants' motion (Docket No. 20) for summary judgment is **granted in part** dismissing plaintiff's claims against defendant Poff and plaintiff's deliberate indifference claim against defendant Hagmier.  That motion also is **denied in part** as to plaintiff's excessive force claim and claim for breach of medical confidences by Hagmier to Poff.  Based upon the record before this Court, defendants do not enjoy qualified immunity.  (Docket No. 33, R&R at 13-14.)

III.    Balance of the Case

Following this ruling on plaintiff's Objections to the Report & Recommendations and formal adoption of that Report as an Order, the following claims and defendants remain in this

8

case.  Plaintiff's excessive force claim remains against defendants Kaczmarek and Diebel (see Docket No. 33, R&R at 8, 12-13 (denying qualified immunity defense for this claim)).  Plaintiff's claim against defendant Hagmier for his alleged breach of patient/nurse confidentiality in disclosing plaintiff's condition to defendant Poff remains (see id. at 10, 13, 13-14 (denying qualified immunity for this claim)).

The Court will hold a Status Conference in this matter on August 15, 2006, at 10 am.

## **CONCLUSION**

For the reasons stated above, plaintiff's Objections (Docket No. 34) to the Report & Recommendations (Docket No. 33) are now deemed a motion for reconsideration (see Docket No. 36) now are **denied**; the Report & Recommendations shall be the Decision & Order of this Court.  The Court Clerk is instructed to render a partial judgment consistent with the terms of that Report & Recommendations (Docket No. 33) and this Order.  Namely, that defendants' motion (Docket No. 20) for summary judgment is **granted in part**, dismissing plaintiff's claims against defendant Poff (and dismissing Poff as a party to this action) and plaintiff's deliberate indifference claim against defendant Hagmier, and **denied in part**, as to dismissing plaintiff's excessive force claim and claim for breach of medical confidences by Hagmier to Poff.  Based upon the record before this Court, defendants do not enjoy qualified immunity.

The Court will hold a Status Conference in this matter on **Tuesday, August 15, 2006, at 10 am,** before the undersigned.  Defense counsel shall make arrangements with plaintiff's facility to arrange for plaintiff's appearance at this conference by telephone.

So Ordered.

/s/ Hugh B. Scott

Hon. Hugh B. Scott
United States Magistrate Judge

Buffalo, New York
May 22, 2006